UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BENJI MACAULAY,<br><br>          Petitioner,<br><br>        v.<br><br>WARDEN, et al.,<br><br>          Respondents. | Case No. 2:25-cv-12444-AH-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On October 20, 2025, Benji Macaulay ("Petitioner"), then a federal prisoner serving a sentence imposed in United States v. Macaulay, Case No. 2:24-cr-00083-JAK (C.D. Cal.), filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Section 2241"), challenging the Federal Bureau of Prisons' failure to apply credits under the First Step Act of 2018 ("FSA"). See Macaulay v. Birkholtz, Case No. 2:25-cv-10058-AH-JDE (C.D. Cal.) ("Prior Action"), Dkt. 1. As the record reflected that Petitioner was subject to a Final Order of Removal and consequently

statutorily ineligible to have FSA credits applied, the Prior Action was summarily dismissed with prejudice on December 8, 2025. Id., Dkt. 16.

Two weeks later, on December 22, 2025, the Court received from Petitioner, proceeding pro se, now detained by "Immigration authorities" at the Adelanto ICE Processing Center, the instant Petition for Writ of Habeas Corpus by a Person in Federal Custody under Section 2241. Dkt. 1 ("Petition" or "Pet."). In the four-page Petition, plus exhibits, Petitioner appears to challenge the Final Order of Removal. The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and finds it appears subject to dismissal.

## II.

## DISCUSSION

A habeas petition brought under Section 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss a Section 2241 petition). Accordingly, pursuant to Rule 4 of the Habeas Rules, the Court is required to "promptly examine" the Petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court "must dismiss the petition." The Petition appears to suffer from numerous defects, rendering it subject to dismissal.

**A.    The Petition Is Vague and Conclusory**

First, Petitioner has not clearly set forth the grounds that plausibly suggest entitlement to relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the

relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, although Petitioner purports to assert eight grounds for relief, he fails to clearly explain the legal and factual bases for each. For instance, in Ground Three, the Petition states, in its entirety:

> The government obtained a Final Order of Removal, issued, December 13th 2004, in Dallas, Texas. The EOIR based it's decision on the perjury conviction, in US District Court for the western district of Texas, El Paso division, due to the fact that petitioner was in FBOP custody, serving a sentence at FCI La Tuna, TX [See Exhibit B]

Pet. at 2. Exhibit B is an "Order of Immigration Judge," ordering Petitioner's removal from the United States. Id., Exh. B. Such cursory assertions fail to point to any alleged federal or constitutional error. Petitioner's failure to clearly set forth the legal and factual bases for his claims renders the Petition subject to dismissal.

**B.** **The Court Lacks Jurisdiction Over Petitioner's Challenge to the Final Order of Removal**

Second, liberally construed, the crux of the Petition appears to be a challenge to Petitioner's Final Order of Removal. The Court lacks jurisdiction over such a claim. A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to

3

those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020). However, pursuant to the REAL ID Act of 2005, which amended the Immigration and Nationality Act ("INA"), district courts lack habeas jurisdiction to review final orders of removal; instead, "the sole and exclusive means for judicial review of an order of removal" lies with the appropriate court of appeals in a petition for review. 8 U.S.C. § 1252(a)(5); Martinez v. Napolitano, 704 F.3d 620, 621-22 (9th Cir. 2012) ("The exclusive means to challenge an order of removal is the petition for review process."); see also 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law . . ., including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). The REAL ID Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (explaining that the REAL ID Act "eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal").

Additionally, the INA includes a "zipper clause" that consolidates all "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" into a petition for review. Martinez, 704 F.3d at 622 (quoting 8 U.S.C. § 1252(b)(9)). "This statutory scheme was designed to 'limit all aliens to one bite of the apple with regard to challenging an order of removal'" (id. (citation omitted)), and makes clear that "review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding." Singh v. Gonzales, 499 F.3d 969, 976 (9th Cir. 2007) (citation omitted); see also J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir.

4

2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through the [petition for review] process."). While Section 1252 does not bar habeas review over claims "collateral to, or independent of," the removal process (see J.E.F.M., 837 F.3d at 1032; Martinez, 704 F.3d at 622), challenges to the procedure and substance of an agency finding that are "inextricably linked" to an order of removal are prohibited under Section 1252(a)(5). Martinez, 704 F.3d at 623. The distinction between an independent claim and an indirect challenge turns on "the substance of the relief that a plaintiff is seeking." Id. at 622 (citation omitted).

Here, Petitioner appears to relitigate the Final Order of Removal, challenging the procedure and substance of the removal proceedings, arguing, among other things, he is a U.S. citizen, he was not provided proper notice, the Immigration Detainer - Notice of Action was incomplete, and his Final Order of Removal "stemmed from arbitrary and capricious agency actions." Petitioner seeks his "immediate release from custody" and a declaratory judgment "on the matter of citizenship." Pet. at 4. Thus, Petitioner is seeking an order rescinding the Final Order of Removal, which is precisely the type of relief that is outside the subject matter jurisdiction of this Court.

## C.    Other Defects

The Petition suffers from at least three other defects. First, the Petition was not signed by Petitioner. 28 U.S.C. § 2242 (requiring habeas petitions to be signed and verified by the petitioner or a person authorized to act on his behalf); Habeas Rule 2(c)(5) (requiring that the petition be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner"). Second, Petitioner has not named a proper respondent. Typically, the proper respondent for a Section 2241 petition is the custodian of the institution where the petitioner is incarcerated. See 28 U.S.C. § 2242; see

also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Petitioner's vague reference to "WARDEN, DHS -ICE" is insufficient. Third, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See C.D. Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for these additional reasons.

## III.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

If, after review of this Order, Petitioner should decide not to further pursue this action, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). The Clerk is directed to send Petitioner a Central District Request for Dismissal form.

**Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).**

Dated: January 16, 2026

_____
JOHN D. EARLY

United States Magistrate Judge

7